IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.                                                      CRIMINAL NO.   18-304 (FAB)

**LUIS LEAMSI RAMOS ALICEA,**
Defendant.

---

### PLEA AGREEMENT
### (Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorneys,

and the Defendant, Luis Leamsi Ramos Alicea, and his counsel, Laura Maldonado Rodriguez, and,

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they

have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1.     COUNTS TO WHICH DEFENDANT PLEADS GUILTY

Defendant agrees to waive the filing of an Indictment and to plead guilty to Counts One

and Two of the Information.

### Count One:

On or about October 10, 2015, in the District of Puerto Rico and within the jurisdiction of

this Court,

### LUIS LEAMSI RAMOS ALICEA,

the defendant herein, aiding and abetting two other individuals, with the intent to cause death or

serious bodily harm, attempted to take a motor vehicle from the persons or presence of O.N.M.

1

and B.M.C., that is, a gray 2015 Nissan Murano, license plate INJ230, VIN number 5N1AZ2MG2FN203928, a vehicle that had been transported, shipped or received in interstate or foreign commerce, by force, violence and intimidation, that is, through the use of firearms. All in violation of Title 18, United States Code, Section 2119(1) and 2.

### Count Two:

**Discharging a Firearm During and in Relation to a Crime of Violence**
**(Title 18, United States Code, Section 924(c)(1)(A)(iii))**

On or about October 10, 2015, in the District of Puerto Rico and within the jurisdiction of this Court,

### LUIS LEAMSI RAMOS ALICEA,

the defendant herein, aiding and abetting two other individuals, did knowingly use, carry, brandish and discharge a firearm, that is a Glock pistol of an unknown serial number during and in relation to a crime of violence as charged in Count One of this ~~Indictment~~ *Information*, which may be prosecuted in a Court of the United States, all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## 2.    MAXIMUM PENALTIES

**Count One:** The maximum statutory penalty for the offense charged in Count One of the Information (carjacking) is a term of imprisonment of fifteen years pursuant to Title 18 United States Code § 2119(1); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18 United States Code §3571(b)(3); a special monetary assessment of one hundred dollars pursuant to Title 18 United States Code § 3013(a)(2)(A); and a supervised release term of not more than three years, pursuant to Title 18 United States Code § 3583(b)(2).

**Count Two:** The statutory penalty for the offense as charged in Count Two of the Information (discharging a firearm during, in relation to, and in furtherance of a crime of violence)

is a minimum term of imprisonment of ten years and a maximum term of imprisonment of life

pursuant to Title 18 <u>United States Code</u> § 924(a)(2) (*see United States v. Ortiz-Garcia*, 665 F.3d

279, 285 (1st Cir. 2011)); a fine not to exceed two hundred and fifty thousand dollars pursuant to

Title 18 <u>United States Code</u> § 3571(b)(3); a special monetary assessment of one hundred dollars

pursuant to 18 U.S.C. § 3013(a)(2)(A); and a supervised release term of not more than five years,

pursuant to Title 18 <u>United States Code</u> § 3583(b)(1).

### 3.    SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the

Court in accordance with 18 U.S.C. Sections 3551-86 and the United States Sentencing Guidelines

(hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme

Court decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005).    Further, Defendant

acknowledges that parole has been abolished and that the imposition of his sentence may not be

suspended.

### 4.    SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00),

per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C.

§ 3013(a)(2)(A).



### 5.    FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G.  § 5E1.2, order him to pay a

fine sufficient to reimburse the government for the costs of any imprisonment, probation, or

supervised release ordered.   The Court may also impose restitution.   The United States will make

no recommendations as to the imposition of fines.

### 6.   RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes.   Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty.   Defendant is aware that the Court may accept or reject the Plea Agreement or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A).   Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea and will remain bound to fulfill all of the obligations under this Plea Agreement.   See Fed. R. Crim. P. 11(c)(3)(B).

### 7.   APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory.   Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

**Count One:**

| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 2119(1) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B3.1(a) | 20 |
| Increase for carjacking pursuant to U.S.S.G. § 2B3.1(b)(5) | 2 |
| Decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 | -3 |

4

| OFFENSE LEVEL | |
|---|---|
| | **19** |

**Count Two:**

| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 924(c)(1)(A)(iii) | |
|---|---|
| 18 U.S.C. § 924(c)(1)(A)(iii) | 10 years (mandatory minimum) to run consecutively to any other sentence |

## 8.     SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that:

- As to Count Two, the parties will request a sentence of ten years of imprisonment, to be served consecutively to the sentences imposed for Count One.

- As to Count One, the parties will request a sentence of 36 months of imprisonment if defendant is CHC I or II at a total offense level of 19.   If defendant is CHC III or higher, the parties will request a sentence at the lower end of the applicable Guidelines range at a total offense level of 19.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

## 9.     NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for Defendant.

## 10.     WAIVER OF PROSECUTION BY INDICTMENT AND APPEAL

Defendant knowingly and voluntarily waives prosecution by an Indictment.

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed

by the Court is 156 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11.  NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant.  The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12.  SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, Laura Maldonado Rodriguez, and asserts that counsel has rendered effective legal assistance.

### 13.  RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea Agreement, he surrenders certain rights as provided in this agreement.  Defendant understands that the rights of criminal defendants include the following:

    a.  If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

    b.  If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.  Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously,

before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d.  At a trial, the United States would be required to present its witnesses and other evidence against Defendant.  Defendant would be able to confront those witnesses, and Defendant's attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify.   If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14.   STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement.   Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

## 15.   LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant.   It does not bind any other federal district, state, or local authorities.

## 16.   ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel.   The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of

any other term and conditions not stated herein.

## 17.    AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all

parties.

## 18.    DISMISSAL OF REMAINING COUNTS

There are no counts to be dismissed.

## 19.    VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading

guilty freely and voluntarily because he is guilty.


**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____            _____
**Timothy Henwood**                 **Laura Maldonado Rodriguez**
First Assistant U.S. Attorney       Counsel for Defendant
Dated: 3-21-18                      Dated: 5|2|2018

_____            _____
**Jenifer Y. Hernández-Vega**       **Luis Leamsy Ramos Alicea**
Assistant U.S. Attorney             Defendant
Chief, Violent Crimes Unit          Dated: 5|2|2018
Dated: 3|21|2018

_____
**Jonathan Gottfried**
Assistant U.S. Attorney
Dated: 5/70/18

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Information pending against me.   Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes that may apply in my case.   I have read this Plea Agreement and carefully reviewed every part of it with my attorney.   My counsel has translated the plea agreement to me in the Spanish language, and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: _____5|2|2018_____                           _____
                                                  Luis Leamsi Ramos Alicea
                                                  Defendant

I am the attorney for Defendant.   I have fully explained Defendant's rights to Defendant with respect to the pending Information.   Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those guidelines that may apply in this case.   I have carefully reviewed every part of this Plea Agreement with Defendant.   I have translated the plea agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement.   To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: _____5|2|2018_____                           _____
                                                  Laura Maldonado Rodriguez
                                                  Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Luis Leamsi Ramos Alicea, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of Title 18 United States Code Section 2119(1) and Title 18 United States Code Section 924(c)(1)(a)(iii).   The following is a synopsis of the facts in this case:

On October 10, 2015, Luis Leamsi Ramos Alicea was with Adult No. 1 in a 2007 Toyota Corolla driven by Adult No. 2.   Near the Liga Atletica of the Municipal Police in Guaynabo, they passed a 2015 Nissan Murano, license plate INJ230, VIN number 5N1AZ2MG2FN203928. Inside the Nissan Murano were two adult woman (a mother and daughter) and a three-month old baby seated in an infant seat in the rear passenger seat.

The Toyota Corolla stopped in front of the Nissan Murano, which forced the Nissan Murano to stop.   Luis Leamsi Ramos Alicea and Adult No. 1 exited the Toyota Corolla, each carrying firearms that they pointed at the Nissan Murano and its driver in order to take the vehicle. In order to escape, the driver of the Nissan Murano put the vehicle in reverse and accelerated. Adult No. 1 (who was standing near the front of the Nissan Murano) then fired one round through the windshield, which penetrated the car seat in which the infant was seated.   The bullet did not hit the infant, the mother or the grandmother.   Luis Leamsi Ramos Alicea and his colleagues then fled in the Toyota Corolla.

Prior to arriving in Puerto Rico, the Nissan Murano had been transported, shipped or received in interstate or foreign commerce.

For purposes of this Plea Agreement, defendant agrees that he aided and abetted Adult No. 1 and Adult No. 2 in the carjacking, in violation of 18 U.S.C. § 2119(1) and that he aided and abetted Adult No. 1 in the discharge of the firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in all counts of the Information.   This would have been proven through physical and documentary evidence, including, but not limited to, live testimony of PRPD and federal agents, live testimony of other fact witnesses with knowledge of the carjacking and robberies, expert and other witnesses, evidence recovered at the scene, photographs, documents, and other physical evidence.

Discovery was timely made available to Defendant for review.


_____
**Jonathan Gottfried**
Assistant United States Attorney
Dated: _____5/11/8_____


_____
**Laura Maldonado Rodriguez**
Counsel for Defendant
Dated: _5/2/2018____


_____
**Luis Leams Ramos Alicea**
Defendant
Dated: _5/2/2018____